UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALAURA FLORES,

              Plaintiff,

              -v-

19 Civ. 4542 (VB)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS & COMMUNITY SUPERVISION,

              Defendant.
-------------------------------------------------------------------X

      WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law,

      IT IS HEREBY STIPULATED AND AGREED that:

      1.      The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

      2.      Defendant may designate as "Confidential" documents produced which they reasonably believe public disclosure of which would jeopardize correctional or institutional safety, security or good order, or which contains information that is confidential under state or federal law.

      3.      Defendant may further designate as "Attorneys' Eyes Only" documents in the following categories:

              a.      Any individual's personnel records or other documents pertaining to the

individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counselings;

      b.    Any information of a personal or intimate nature regarding any individual.

      c.    Any information which DOCCS, in good faith, believes disclosure of which would jeopardize correctional or institutional safety, security or good order if disclosed to a plaintiff.

4.    All transcripts of depositions taken in this Action will be treated as Attorneys Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Attorneys Eyes Only or Confidential any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraphs 2 or 3 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Attorneys Eyes Only or Confidential.

5.    An inadvertent failure to designate Confidential or Attorneys' Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

6.    To the extent Plaintiff's counsel obtained copies of documents described in paragraph 2 or 3 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential or Attorneys' Eyes Only material.

7. Confidential and Attorneys' Eyes Only material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

8. Access to Attorneys' Eyes Only material shall be limited to:

   a. Attorneys for Plaintiff;

   b. Attorneys for Defendants;

   c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

   d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

   e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

   f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

   g. The Court, and assigned Court personnel, to include the Court-appointed mediator.

9. Access to Confidential material is similarly restricted to the individuals set forth in paragraph 8, **except that** Plaintiff, Alaura Flores, may review material designated as Confidential in the presence of her attorney(s), but shall not be allowed to retain a copy of any document

designated as Confidential.

10. Confidential or Attorneys' Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential or Attorneys' Eyes Only material or that contain Confidential or Attorneys' Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

11. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorneys' Eyes Only material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS.

12. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS.

13. Notwithstanding the treatment as Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, it is understood that the names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or inmate who has

not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.  Inclusion of the provision, shall not waive any objection to production of DOCCS or the concerned employee or inmate.

14. No person receiving Confidential or Attorneys' Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

15. If a party objects to the designation of any document as Confidential or Attorneys' Eyes Only material, such party shall state such objection in writing to the counsel for the party that designated the Confidential or Attorneys' Eyes Only material within 30 days of the objecting party's receipt of the Confidential or Attorneys' Eyes Only material.  Counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation. Any disputes under this stipulation and order shall be resolved pursuant to the Court's rules and practices governing the resolution of discovery disputes.  Any disputed documents shall be treated as Confidential or Attorneys' Eyes Only material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

16. The Confidential or Attorneys' Eyes Only material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of the confidential information.

17. No Confidential Material shall be filed in the record of this action or with the Court except as follows:

      a.      If a Party uses Confidential Material in a pleading, motion, or other submission filed with the Court, the Party using the Confidential Material shall redact such Confidential Material from the submission filed in the public file, but will provide an unredacted complete courtesy copy to the judge or magistrate judge herein with a request that the courtesy copy not be included in the public file.  If redaction of only the Confidential Material as set out above would be both significantly impractical and likely to be unduly burdensome for the Court, the filing party may request an order from the Court directing the sealing of the Confidential Material, or placing the entire pleading, motion or submission under seal, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by the Party seeking such order or otherwise prejudice the Party's rights.

      b.      If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use.  Subject to any contrary directive from the court, such party will notify the producing party of his or her intent to introduce confidential information and give that party an opportunity to request that the court seal the courtroom.  Nothing herein shall preclude a party from offering confidential information into evidence or otherwise alter its trial strategy.  Nothing contained herein shall be deemed to restrict the Court's handling of Confidential

Material or to cause a Party to be in breach of this Stipulation when acting in compliance with an order or direction of the Court.

18. Nothing herein shall be deemed to waive any applicable privilege or objection to production. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

19. Confidential or Attorneys' Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

20. Within thirty (30) days of the conclusion of this Action, Plaintiff's counsel shall either return to Defendants' counsel all Confidential or Attorneys' Eyes Only material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Attorneys' Eyes Only material, in whole or in part, and any copies made therefrom or shall notify Defendant's counsel in writing that all such Confidential or Attorneys' Eyes Only material has been destroyed.

21. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraphs 2 and 3 herein.

Dated: New York, New York

    September 25, 2020

| | |
|---|---|
| **MICHAEL RANIS, ATTORNEY AT LAW** | **LETITIA JAMES** |
| Attorney for Plaintiff | Attorney General, State of New York |
| | Attorney for Defendant |
| By: *s/ Michael Ranis* | By: *s/ Jonathan J. Wilson* |
| Michael Ranis Attorney at Law | Jonathan J. Wilson |
| Co-Lab Goshen | Assistant Attorney General |
| 45 St. John St. | 28 Liberty Street |
| Goshen, NY 10924 | New York, New York 10005 |
| | (212) 416-6696 |

SO ORDERED:

Dated: September 28, 2020

_____

    U.S.D.J.
  Vincent L. Briccetti